UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

Deborah Walton,               )
                              )
        Plaintiff,            )
                              )
    vs.                       )  1:15-cv-0822 TWP-DML
                              )
EOS CCA and AT&T,             )
                              )
        Defendant.            )
                              )

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Deborah Walton, pro se ("Plaintiff"), as and for her complaint, alleges as follows:

### Introduction

1. This is an action brought by an individual consumer for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. And the Fair Credit Reporting Act 15 U.S.C. § 1681 *et.seq* (hereinafter referred to as the "FCRA"), which prohibits Creditors from engaging in abusive, deceptive, and unfair practices.

### Jurisdiction

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692 *et. seq* and 15 U.S.C. § 1681 *et. seq*

### Venue

3. Venue is proper in this Judicial District since the Defendants conduct business and maintain offices here.

## Parties

4. The Plaintiff, Deborah Walton, is a natural person.

5. The Plaintiff is a "consumer" as that term is defined by § 1692a.

6. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

7. The Defendant, EOS CCA, (hereinafter referred to as "EOS"), is a debt collection agency and/or debt purchaser operating from an address at 700 Longwater Dr., Norwell, MA 02061.

8. The Defendant, EOS, is a debt collection agency and the Defendant, EOS, is licensed by the State of Indiana.

9. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

11. The Defendant AT&T, (hereinafter referred to as AT&T"), is a creditor that provides services in Indiana operating from an address at:

    **AT&T's Corporate Office Headquarters HQ**
    208 South Akard Street
    Dallas, TX 75202

12. The Defendant AT&T, regularly conducts business in Indiana providing many different services and products.

## Factual Allegations

13. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff, that initially incurred a debt to that was primarily for personal, family or household purposes as defined by §1692(a)(5).

14. The debt owed by Plaintiff was satisfied by the Plaintiff and AT&T.

15. The Plaintiff continued to have technical issues with her U-Verse TV service that was provided by AT&T, so she canceled the service.

16. AT&T informed the Plaintiff that they would credit the balance due, since the service did not work according to the U-Verse agreement.

17. The Plaintiff receive a letter many months after the service was terminated and she contacted the Executive Offices of AT&T and informed them of the arrangements they made with her prior to receiving the letter. *See Exhibit "A" attached hereto.*

18. The Plaintiff also provided a deposit to AT&T prior to the installation of U-verse.

19. The Plaintiff received a letter from EOS CCA on or about January 28, 2015 *See Exhibit "B" attached hereto.*

20. The Plaintiff responded to the letter dated January 27, 2015 via phone and a letter *See Exhibit "C" attached hereto.*

21. The Plaintiff called AT&T in February 2015 inquiring about the letter she received from EOS CCA and was told they did not have any record of the account number referenced in the letter from EOS CCA.

22. The Plaintiff called EOS CCA for the second time on March 13. 2015, informing them that she does not owe AT&T any money. The Defendant EOS CCA told the Plaintiff that they would investigate her dispute with AT&T and verify if the debt is accurate.

23. On March 17th EOS CCA contacted Experian and reported that the Plaintiff owed $268.47 and this occurred during the time the Plaintiff was disputing the debt that was placed or otherwise transferred to EOS CCA for collections by AT&T.

24. The Plaintiff received a letter from EOS CCA dated April 7, 2015, on or about April 18, 2015 at which time the Plaintiff called EOS CCA and disputed the debt again. *See Exhibit "D" attached hereto.*

25. The Plaintiff received a check dated April 16, 2015 from AT&T referring a refund of deposit, which was provided to AT&T by the Plaintiff for her U-Verse account. *See Exhibit "E" attached hereto.*

26. The Plaintiff contacted AT&T concerning their Arbitration that is required according to the U-Verse agreement, and spoke to Racene Day from AT&T and exchanged e-mails with Ms. Day. *See Exhibit "F" attached hereto.*

27. The Plaintiff sent a letter in accordance to the U-Verse agreement and arbitration requirements. *See Exhibit "G" attached hereto.*

28. The Plaintiff has just recently learned that EOS CCA is now reporting the AT&T debt to Trans Union and they continue to report to Experian.

## Count I

29. The allegations of Paragraphs 1 through 28 of the complaint are re-alleged and incorporated herewith by references.

30. The Defendant violated the FDCPA pursuant to 15 U.S.C. § 1692c, when they failed to communicate the proper U-Verse account number..

## Count II

31. The allegations of Paragraphs 1 through 30 of the complaint are re-alleged and incorporated herewith by references.

32. The Defendant violated the FDCPA pursuant to 15 U.S.C. § 1692d, using the incorrect reporting to the Plaintiffs credit report as a way to harass her, and abusing their authority.

## Count III

33. The allegations of Paragraphs 1 through 32 of the complaint are re-alleged and incorporated herewith by references.

34. The Defendant violated the FDCPA pursuant to 15 U.S.C. § 1692e, when falsely provided the wrong account for the U-Verse account number, presented and misleading representation of the debt to the Experian and Trans Union.

## Count IIII

35. The allegations of Paragraphs 1 through 34 of the complaint are re-alleged and incorporated herewith by references.

36. The Defendant violated the FDCPA pursuant to 15 U.S.C. § 1692f, for unfair practice.

## Count V

37. The allegations of Paragraphs 1 through 36 of the complaint are re-alleged and incorporated herewith by references.

38. The Defendant violated the FDCPA pursuant to 15 U.S.C. § 1692g, when they failed to Valid the debt when the Plaintiff, initially disputed the debt, and when the Plaintiff disputed the debt for the third time.

## Count VI

39. The allegations of Paragraphs 1 through 38 of the complaint are re-alleged and incorporated herewith by references.

40. The Defendant violated FCRA pursuant to 15 U.S.C. § 1681s,-2(b) when AT&T failed to communicate the proper information on the U-Verse account to EOS CCA, whom continued to report to Experian and Trans Union, and AT&T failed to inform EOS CCA that the account was disputed and satisfied by both AT&T and the Plaintiff.

## Count VII

41. The allegations of Paragraphs 1 through 40 of the complaint are re-alleged and incorporated herewith by references.

The Defendant AT&T and EOS CCA violated the FCRA by their conduct, action and inaction was willful, deliberate, intentional and/or with reckless disregard for Plaintiffs interest and rights so as to justify an award of actual or statuary and punitive damages against AT&T and EOS CCA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, AT&T and EOS CCA were negligent entitling Plaintiff to her actual damages pursuant to 15 U.S.C. § 1681o, and her fees, cost and Attorney fees.

## Pray For Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendants violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA, FCRA and correct the credit reporting.

2. Actual damages under 15 U.S.C. § 1692k(a)(1); § 1681n

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A); § 1681n

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); § 1681o

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Deborah Walton
12878 Mayfair Lane
Carmel, IN 46032

Request and Demand for a Jury Trail

May 26, 2015

Deborah Walton pro se